Whitehead, J.
The fact is undisputed that Donna Chalupowski failed to appear for her deposition, which was noticed by plaintiff after he had obtained an order of the Court permitting him to conduct the deposition within thirty days of filing the complaint. The deposition was lawfully scheduled. Ms. Chalupowski was physically and mentally competent to attend. Her failure to do so was based upon the incorrect advice of her “attorney,” who happened to be the defendant, to the effect that her attendance was not necessary.
Ordinarily, poor advice from counsel would not be a defense to a contempt action. Here however, the advice was not only poor; it was rendered by an attorney who by virtue of his being the party defendant in this case, was clearly presented with a conflict of interest and undoubtedly was influenced by that conflict. Our system of justice would be disserved by holding in contempt a non-party witness who, in good faith, acted on the erroneous direction of an attorney so situated.
This is not to say that plaintiff should be left with no remedy for Ms. Chalupowski’s non-appearance. However, the remedy should be had at the expense of the defendant, who was the cause of her non-appearance. To that end, the Court awards the plaintiff the costs which he incurred in having counsel attend the aborted deposition and pursue the motion for contempt. The affidavit of Mr. Peres indicates that those costs totaled $913.95. The Court accepts the affidavit and orders that defendant pay said sum to plaintiff no later than December 23, 2003.
The Court now directs Ms. Chalupowski to attend the deposition on the next date for which she is noticed by the plaintiff. The defendant may not act as her attorney during that deposition or otherwise direct or advise her in connection with her attendance or her testimony.